HEIRS OF HENRIETT SERRET *v.* J. B. LABAUVE.

Where an administrator has placed a debt upon his tableau, and made full proof of it, he cannot be permitted, in the absence of proof of error, to question the truth and competency of the evidence adduced by him in support of the correctness of the tableau, when the heirs seek to make him personally liable, on his failure to collect the debt.

The joinder of the heirs in the prayer for the homologation of a tableau, is not a waiver of their rights against the administrator for his mal-administration in not proceeding to collect a debt at an earlier date, which was prescribed at the time it was placed on the tableau.

APPEAL from the District Court of the Parish of W. Baton Rouge, *Avery,* J. *Barrow & Pope,* for plaintiffs. *Zenon Labauve,* for defendant and appellant.

LAND, J. The facts stated in the opinion of this court in the case of *Jean Baptiste Labauve, Adm'r,* v. *Heirs of Henriett Serret and H. Hébert,* are involved in this controversy, and are stated as follows :

" The administrator of *Henriett Serret,* deceased, with a view to the final liquidation of her succession, presented to the Probate Court, as it formerly existed, a tableau exhibiting the debts of the succession, the balances remaining for partition, and the share falling to each of the heirs. The amount due to the succession by *Hypolite Hébert,* surviving husband of the deceased, arising from sales of the separate property of the wife during the marriage, was also set forth. This tableau was accompanied by a petition in which the administrator prayed that the heirs of the deceased, and *Hypolite Hébert* in his own right as surviving partner, and as tutor to his minor child, also an heir, be cited to show cause why the liquidation and partition should not be made the judgment of the court. He also prayed, that *Hypolite Hébert* be condemned to pay the sum which he appeared by the settlement to owe, and that the administrator be authorized to distribute the sum when collected among the heirs, in the manner proposed in the partition."

" The heirs, in their answer, admit the tableau to be correct, and unite in the prayer for its homologation."

" *Hébert* excepted to the jurisdiction of the Probate Court, averring that the question of his indebtedness could only be determined by a court of ordinary jurisdiction, that it could not be cumulated with a proceeding for a liquidation and a partition of the succession, to which the administrator and heirs could alone be made parties. The exception was still pending when our present judicial system went into operation, and the cause was transferred to the District Court. The Judge sustained the exception, and dismissed the action against *Hébert.*"

The only additional facts necessary to be stated are, that the debt due from *Hypolite Hébert,* mentioned in the tableau filed by the administrator, had been prescribed by the lapse of ten years after the death of his wife, at the time the heirs joined in the prayer for its homologation, and that the judgment of the District Court sustaining the exception and dismissing the action against *Hébert,* was affirmed by this court in 1849.

The defence is, that as the debt due from *Hébert* was not inventoried, his judicial admission of its existence in the tableau and in his petition for its homologation, does not bind him in his individual capacity, nor make proof against him in this suit, wherein the heirs seek to make him individually responsible for the debt,

because the admission was made by him as the organ of the succession, and for the benefit of the heirs.

The force of this objection is destroyed by the evidence offered by the administrator to prove the correctness of the tableau filed by him in the Probate Court. The documentary evidence then offered proved the fact of the indebtedness of *Hébert* to the succession, and the same evidence appears in the record in this case as a part of the mortuary proceedings, and the administrator cannot, in the absence of proof of error, be permitted to question the truth and competency of the evidence there adduced by himself in support of the correctness of the tableau.

It is further contended, that the joinder of the heirs in the prayer for the homologation of the tableau is conclusive upon them, and is a waiver of their rights against the administrator as respects the debt due from *Hypolite Hébert*, so far as the same was at the time barred by prescription. The tableau was accompanied by a petition praying for citation and judgment against *Hébert* for the debt due, and for authorization to distribute the sum when collected among the heirs of the succession. The joinder of the heirs in the prayer of a proceeding having for one of its objects the recovery of a debt due to them, cannot be construed into a waiver of any of their legal rights against the administrator, for his mal-adminis-tration in not proceeding, at an earlier date, for the collection of the debt due the succession.

The debt having been barred by prescription, the loss is justly chargeable to the administrator, because the evidence shows that *Hébert* possessed sufficient property after the death of his wife, to satisfy his indebtedness to her succession.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.